UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 17-20926-SMG |
| FRANCISCO M. JIMENEZ, | Chapter 7 |
|     Debtor. _____/ | |
| SUSAN JOHNSON and STEVEN JOHNSON, | Adv. Case No.: |
|     Plaintiffs/Judgment Creditors, v. | |
| BRENDA LOVATO a/k/a BRENDA DE LA CRUZ, | |
|     Defendant. _____/ | |

**COMPLAINT OF PLAINTIFFS/JUDGMENT CREDITORS
SUSAN JOHNSON AND STEVEN JOHNSON TO AVOID AND TO RECOVER
<u>ACTUAL FRAUDULENT TRANSFER</u>**

The Plaintiffs/Judgment Creditors Susan Johnson and Steven Johnson (collectively, the "Johnsons"), through undersigned counsel, and pursuant to Fla. Stat. § 726.105(1)(a), sue the Defendant Brenda Lovato a/k/a Brenda de la Cruz ("de la Cruz") to recover an actual fraudulent transfer, and allege:

1. The Johnsons are husband and wife who bring this adversary proceeding seeking to avoid and to recover an actual fraudulent transfer of the Debtor/Judgment Debtor Francisco Jimenez (the "Debtor") to de la Cruz pursuant to Fla. Stat. § 726.105(1)(a). The Johnsons hold a non-dischargeable final money judgment entered by this Court in their favor and against the Debtor in Adv. Case No. 18-01101-SMG.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

3. This is a core proceeding for which the Court is authorized to hear and determine all matters regarding this case in accordance with 28 U.S.C. § 157(b)(2)(A) and (H).

4. On August 29, 2017 (the "Petition Date"), the Debtor filed his chapter 7 bankruptcy.

5. Susan Johnson was the caregiver for her ailing mother for many years. In 2004, Susan Johnson's mother passed away, upon which Susan Johnson received a substantial inheritance of real estate and funds which she wished to invest to start new business ventures. Much of the real estate and other assets Susan Johnson inherited from her mother were located in Martin County, Florida, even though Susan Johnson lived in Connecticut.

6. In 2005, Susan Johnson met the Debtor who represented himself to her as someone who could assist her with developing new business ventures. The Debtor represented to Susan Johnson that he had extensive marketing experience and many good business ideas. During their initial meetings, the Debtor represented that he had held high-level positions with Spaulding, Bausch and Lomb, Nike, and AT&T, with significant experience opening, marketing, and operating new businesses for profit. Susan Johnson began to trust the Debtor and believed he could help invest her inheritance money in new business ventures.

7. Susan Johnson thereafter became friendly with both the Debtor and his girlfriend, Ericka Lovato ("Lovato"). Susan Johnson quickly grew to trust them and treat them like family. In late 2005 or early 2006, the Debtor and Lovato moved into Susan Johnson's vacant townhome in Hobe Sound, where the two, and later their baby, would live for the next 10 years, until the fall of 2015. At no time did the Debtor or Lovato ever pay Susan Johnson any rent.

8. Based on what the Debtor had told Susan Johnson about his business experience and their mutual trust, Susan Johnson began transferring substantial sums to various business ventures with the Debtor and Lovato, all of which were operated by them in Florida. In each of these businesses, the Debtor and Lovato owned part of the business, and Susan Johnson was the other owner. Susan Johnson always provided all the necessary funds for the business to open and to operate, while the Debtor and Lovato purportedly contributed "sweat equity." No written agreements were ever prepared.

9. The first of these business ventures was Copella which was a digital magazine for women featuring jewelry and key ring accessories. The next was Modus Media Works, Inc. which developed digital signage and rolling displays. When Modus Media Works, Inc. was operating, the Debtor began accessing Susan Johnson's credit line at Chase Bank. Both of the Johnsons made payments on Susan Johnson's credit line at Chase Bank.

10. Modus Media Works, Inc. was formed on April 5, 2006 and operated until some time in 2009. During its operations, the Debtor removed more than $100,000 from Susan Johnson's line of credit, ostensibly to fund Modus Media Works, Inc.

11. Between 2005 and 2010, none of these businesses was ever profitable, including Modus Media Works, Inc. No return of any kind was ever provided to Susan Johnson. Susan Johnson lost all of her investment in each venture.

12. As it turned out, the Johnsons later uncovered that the Debtor was taking the funds from Susan Johnson's credit line for himself. The Debtor had never intended any of the various business ventures he undertook with Susan Johnson, and later with Steven Johnson as well, to become viable businesses. The creation of these business and the Johnsons' funding of them was a ruse for the Debtor to con the Johnsons out of their money for himself and Lovato. None of the representations that the Debtor made to Susan Johnson about his experience were true. The Debtor is a hardened con artist who set out to steal money from the Johnsons from the outset.

13. The Debtor never had any money or funds. The Debtor always had a negative net worth and has been continuously on food stamps and other public assistance since 2005. The Debtor's taking of funds from the Johnsons began in 2005.

14. The Johnsons timely filed their adversary proceeding against the Debtor to deny the dischargeability of the Debtor's obligations to the Johnsons under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6), and to liquidate that non-dischargeable obligation to a final money judgment in Adv. Case No. 18-01101-SMG. The Debtor fully defended the non-dischargeability action through counsel. After full discovery, briefing, and argument, the Court entered a summary final judgment against the Debtor on all three counts, and entered a federal non-dischargeable money judgment against the Debtor in favor of Susan Johnson for $360,526.00 and in favor Steven Johnson for $759,067.14. on March 4, 2019 [ECF 60, Case No. 18-01101-SMG]. The judgment remains unsatisfied.

15. In connection with the Johnsons' attempts to recover their judgments and investigation of the financial dealings of the Debtor in 2019, the Johnsons very recently discovered that in 2007, the Debtor took more than $20,000 in funds from Susan Johnson's line of credit for himself. After taking those funds for himself and owning and holding them, the Debtor then transferred $19,831.70 to de la Cruz for de la Cruz to satisfy a mortgage (the "Mortgage") on a house located at 1833 Henry Circle SW, Albuquerque, New Mexico ("1833 Henry Circle").

16. The mortgagors under the Mortgage were de la Cruz and Lovato. De la Cruz is Lovato's mother. On May 15, 2001, de la Cruz issued a Quitclaim Deed for 1833 Henry Circle from herself to herself and Lovato in connection with which they obtained the Mortgage. On October 10, 2016, Lovato executed a Quitclaim Deed in which she transferred her interest in 1833 Henry Circle back to de la Cruz. On or about December 25, 2007, the Debtor transferred $19,831.70 (the "Transfer") to or for benefit of de la Cruz to satisfy the Mortgage. The Mortgage was satisfied.

17. The Transfer was a transfer of an interest in property of the Debtor.

18. The Debtor made the Transfer to or for the benefit of insiders, his girlfriend Lovato who was still obligated on the Mortgage, and to de la Cruz, who is his girlfriend's mother. The Debtor concealed the Transfer, telling Susan Johnson the sums taken from her credit line were for Modus Media Works, Inc., when in fact they were for his own purposes such as to satisfy the Mortgage. When the Debtor made the Transfer, the Debtor was two years into a ten-year plus scheme of conning the Johnsons out of almost a million dollars. The Debtor was at the time of the Transfer obligated to Susan Johnson for at least $150,000. De la Cruz still owns 1833 Henry Circle. The Debtor received nothing in return for satisfying the Mortgage. The Debtor purported to be and was with little assets during the times when he made the Transfers and was accordingly insolvent. The Debtor is on active felony probation in Indian River County, Florida for forging Susan Johnson's signature on a liquor license application for one of their businesses.

19. On August 1, 2019, the Court entered its Order Granting Motion for Proceedings Supplementary [ECF 179 in Case No. 18-01101-SMG].

### COUNT I – AVOIDANCE AND RECOVERY OF ACTUAL FRAUDULENT TRANSFERS FLA STAT. § 726.105(1)(a)

20. The Johnsons bring Count I to avoid and to recover the Transfer as actual fraudulent transfers under Fla. Stat. § 726.105(1)(a).

21. Fla. Stat. § 726.105(1)(a) ("Transfers fraudulent as to present and future creditors") provides: "(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation: (a) With actual intent to hinder, delay, or defraud any creditor of the debtor[.]"

22. Fla. Stat. § 726.110(1) provides that a cause of action under § 726.105(1)(a) expires within one year after the transfer was discovered or could have reasonably been discovered by the claimant, if not brought within 4 years of the transfers.

23. The Debtor made the Transfer to or for the benefit of de la Cruz with the intent to hinder, delay, or defraud the Johnsons. The Transfer was concealed and not could not have reasonably been discovered by the Johnsons absent extensive financial and other investigation which has just recently undercovered it. The Johnsons brought this action to recover the Transfer within a year of when it was discovered or reasonably could have been discovered.

24. De la Cruz received the Transfer or the benefit of the Transfer fully aware that Lovato's boyfriend, the Debtor, made it with funds taken from Susan Johnson.

25. The Johnsons are entitled to set aside and to avoid the Transfer and to obtain the value of the Transfer from de la Cruz in the form of a final money judgment.

WHEREFORE the Plaintiffs Susan Johnson and Steven Johnson pray this Honorable Court will enter a judgment in their favor and against Brenda Lovato a/k/a Brenda de la Cruz setting aside and avoiding the Transfer, entering judgment in the Johnsons' favor and against de la Cruz for $19,831.70, and awarding court costs and interest, and such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

Dated this 28th day of January, 2021.

**FENDER, BOLLING, AND PAIVA, P.A.**

*/s/ G. Steven Fender*
G. STEVEN FENDER, ESQ.
Florida Bar No. 060992
Attorney for Susan and Steven Johnson
P.O. Box 1545
Ft. Lauderdale, FL 33302
Telephone: (407) 810-2458
Email: steven.fender@fender-law.com

5