TAGGED OPINION



**ORDERED in the Southern District of Florida on April 21, 2021.**

_Scott M. Grossman_

**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

FRANCISCO M. JIMENEZ,                    Case No. 17-20926-SMG

    Debtor.                    Chapter 7

_____/

SUSAN JOHNSON and
STEVEN JOHNSON,

    Plaintiffs,
v.                                        Adv. No. 21-01029-SMG

BRENDA LOVATO a/k/a
BRENDA DE LA CRUZ,

    Defendant.

_____/

**ORDER DISMISSING ADVERSARY PROCEEDING**
**FOR LACK OF SUBJECT MATTER JURISDICTION**

Judgment creditors filed a state-law fraudulent transfer adversary proceeding

to collect a non-dischargeable judgment entered by this Court. But the underlying no-

asset chapter 7 bankruptcy case has been fully administered, the chapter 7 trustee has been discharged of his duties, and the debtor has received a discharge of his other debts. So this Court must now determine whether it has subject matter jurisdiction over the judgment creditors' state-law fraudulent transfer claim.

## I.    Background.

Plaintiffs Susan Johnson and Steven Johnson hold a non-dischargeable money judgment – entered by this Court – against Debtor Francisco M. Jimenez. On March 1, 2019, this Court entered a Final Summary Judgment in the adversary proceeding *Johnson v. Jimenez*,[1] determining that the Johnsons' claims against Mr. Jimenez were non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6).[2] The Final Summary Judgment also liquidated the Johnsons' claims, and entered judgment for Susan Johnson in the amount of $360,526.00 and for Steven Johnson in the amount of $759,067.14.[3] Mr. Jimenez received a discharge of all his other debts, however, on October 25, 2018.[4] A few weeks earlier, his chapter 7 trustee reported that there were insufficient assets to administer and that he had fully administered the bankruptcy estate, and requested he be discharged as trustee.[5] This Court then issued a Final Decree discharging the trustee and closing Mr. Jimenez's chapter 7

---

[1] Adv. No. 18-01101-RBR ("Dischargeability Adversary").

[2] Dischargeability Adversary ECF No. 60.

[3] *Id.*

[4] *In re Jimenez*, Case No. 17-20926-SMG (Bankr. S.D. Fla.) ("Main Case") (ECF No. 72).

[5] Main Case ECF No. 69.

bankruptcy case.[6] Since that time, the Johnsons have twice re-opened this bankruptcy case to pursue collection of their non-dischargeable judgment.[7]

After the second reopening, the Johnsons filed this adversary proceeding against Defendant Brenda Lovato a/k/a Brenda de la Cruz to avoid and recover, pursuant to Fla. Stat. § 726.105(1)(a), $19,831.70 allegedly transferred by Mr. Jimenez to Ms. de la Cruz.[8] Ms. de la Cruz moved to dismiss this adversary proceeding for lack of personal jurisdiction and lack of subject matter jurisdiction.[9]

## II.   Arguments.

Relying on Florida's long-arm statute[10] and cases thereunder,[11] Ms. de la Cruz argues that this Court lacks personal jurisdiction over her because she is and has been a resident of New Mexico since 1950, and that she has never been to Florida, never owned property in Florida, never done business in Florida, and never had any interest in an entity doing business in Florida. Ms. de la Cruz supports her arguments with an affidavit,[12] the validity of which the Johnsons have disputed.[13] Ms. de la Cruz also asserts that this Court lacks subject matter jurisdiction over this adversary

---

[6] Main Case ECF No. 84.

[7] Main Case ECF Nos. 85, 93, 98, 101.

[8] ECF No. 1.

[9] ECF No. 6.

[10] Fla. Stat. § 48.193.

[11] *See, e.g., Venetian Salami Co. v. Parthenais*, 554 So.2d 499 (Fla. 1989); *Edwards v. Airline Support Grp., Inc.*, 138 So. 3d 1209 (Fla. 4th DCA 2014); *Jarboe Family & Friends Irrevocable Living Trust v. Spielman*, 136 So.3d 666 (Fla. 2nd DCA 2014).

[12] ECF No. 6-1.

[13] ECF No. 10.

proceeding because it is not "related to" a case under title 11 of the United States Code (the "Bankruptcy Code").[14]

The Johnsons actually concede (wrongly – as discussed below) that Ms. de la Cruz posits the appropriate legal analysis on personal jurisdiction. But they raise factual issues (along with some unnecessarily vitriolic accusations) as to the authenticity and accuracy of Ms. de la Cruz's affidavit, which they dispute. As for subject matter jurisdiction, the Johnsons respond only in conclusory fashion – without citation to any legal authority – that a bankruptcy court has subject matter jurisdiction to enforce a money judgment it entered.

## III.  Analysis.

A.  <u>Subject Matter Jurisdiction</u>.

Before wading into the dispute over Ms. de la Cruz's affidavit and personal jurisdiction, the Court must first determine whether it has subject matter jurisdiction over this proceeding. All federal courts are courts of limited jurisdiction.[15] They may only hear cases they are authorized to hear by the Constitution or by Congress.[16] Article I, Section 8 of the Constitution grants Congress the power to "establish . . . uniform laws on the subject of bankruptcies throughout the United States."[17]

---

[14] ECF No. 6 at 5-6.

[15] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

[16] *E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC)*, 284 B.R. 162, 168 (Bankr. S.D. Fla. 2002) (citing *Kokkonen*, 511 U.S. at 377).

[17] U.S. Const. art. I, § 8.

Pursuant to that grant of authority,[18] Congress enacted 28 U.S.C. § 1334, which in subsection (a) grants to the district courts original and exclusive jurisdiction of all cases under the Bankruptcy Code,[19] and in subsection (b) grants to the district courts original but not exclusive jurisdiction of all civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code.[20]

28 U.S.C. § 157 then authorizes each district court to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11" to the bankruptcy judges for the district.[21] In the Southern District of Florida, the District Court's standing *Order of Reference*[22] does just that.[23] This Court's subject matter jurisdiction is therefore limited to (a) cases under the Bankruptcy Code, and (b) civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code, which cases and proceedings this Court is authorized to hear pursuant to 28 U.S.C. § 157 and the District Court's *Order of Reference*. Accordingly, unless this adversary proceeding constitutes a civil proceeding arising under the Bankruptcy Code, arising in a case under the Bankruptcy Code, or related to a case under the Bankruptcy Code, this Court will lack subject matter jurisdiction and must dismiss it.

---

[18] *Brit. Am. Ins. Co. Ltd. v. Fullerton (In re Brit. Am. Ins. Co. Ltd.)*, 488 B.R. 205, 218 (Bankr. S.D. Fla. 2013) (*"BAICO I"*).

[19] 28 U.S.C. § 1334(a).

[20] 28 U.S.C. § 1334(b).

[21] 28 U.S.C. § 157(a).

[22] Administrative Order 2012-25 (S.D. Fla. Mar. 27, 2012).

[23] *BAICO I*, 488 B.R. at 219.

Although the terms "arising under," "arising in," and "related to" may sound colloquial, they actually have very precise meanings that have developed under the case law. A proceeding "arising under" the Bankruptcy Code is "one based in a provision of the Bankruptcy Code itself."[24] Examples of "arising under" proceedings include claims to avoid preferences and fraudulent transfers under 11 U.S.C. §§ 547 and 548, respectively.[25] A proceeding "arising in" a bankruptcy case is one that is not based on any right expressly created by the Bankruptcy Code, but which would have no practical existence outside of the bankruptcy case.[26] Examples of "arising in" proceedings include determinations of the validity, extent, or priority of liens;[27] allowance or disallowance of claims against the estate;[28] and other matters affecting administration of the bankruptcy estate.[29] Finally, a proceeding "related to" a case under the Bankruptcy Code is a civil proceeding that could be pursued outside a bankruptcy case, "but which nonetheless bears a connection with the title 11 case

---

[24] *Brit. Am. Ins. Co. Ltd. v. Fullerton (In re Brit. Am. Ins. Co. Ltd.)*, 600 B.R. 890, 894 (Bankr. S.D. Fla. 2019) ("*BAICO III*") (citing *Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999)).

[25] As discussed below, while the claim at issue here is a fraudulent transfer claim, it is not one based on a provision of the Bankruptcy Code, but rather is brought under state law – Fla. Stat. § 726.105(1)(a).

[26] *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.)*, 86 F.3d 364, 372 (4th Cir. 1996) (quoting *Wood v. Wood (Matter of Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)).

[27] *Ashland, Inc. v. G-I Holdings, Inc., (In re G-I Holdings, Inc.)*, 564 B.R. 217, 245 (Bankr. D.N.J. 2016) (citing *Stoe v. Flaherty*, 436 F.3d 209, 216 (3d Cir. 2006)), *aff'd sub nom. G-I Holdings Inc. v. Ashland Inc. (In re G-I Holdings Inc.)*, No. 01-30135 (RG), 2017 WL 1788656 (D.N.J. May 5, 2017).

[28] *Poplar Run Five Ltd. P'ship v. Virginia Elec. & Power Co. (In re Poplar Run Five Ltd. P'ship)*, 192 B.R. 848, 857 (Bankr. E.D. Va. 1995).

[29] *BAICO I*, 488 B.R. at 218 n.9 (citing *Toledo*, 170 F.3d at 1345).

sufficient to bring it within federal bankruptcy jurisdiction."[30] The Eleventh Circuit has held that "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."[31] As noted by the Eleventh Circuit in adopting the Third Circuit's test in *Pacor, Inc. v. Higgins*[32] for determining "related to" jurisdiction, "[t]he usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy."[33]

Federal Rule of Civil Procedure 69(a) (made applicable by Federal Rule of Bankruptcy Procedure 7069) provides the procedural basis for the Johnsons to assert their substantive claim under Fla. Stat. § 726.105(1)(a). Rule 69(a) provides that:

**(a) In General.**

   **(1) *Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

   **(2) *Obtaining Discovery.*** In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the

---

[30] *BAICO I*, 488 B.R. at 218 n.9 (citing *Miller v. Kemira, Inc. (Matter of Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990)).

[31] *Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3rd Cir. 1984)).

[32] 743 F.2d at 994.

[33] *Lemco Gypsum*, 910 F.2d at 788 (quoting *Pacor, Inc.*, 743 F.2d at 994).

> judgment debtor—as provided in these rules or by the procedure of the
> state where the court is located.

While proceeding under Rule 69(a) is procedurally appropriate, a Federal Rule of
Civil Procedure "cannot expand the basis for subject matter jurisdiction."[34] There still
"must be subject matter jurisdiction under some appropriate jurisdictional statute"[35]
for the action to proceed.

To determine whether the Court has subject matter jurisdiction, then, we must
look first to the substance of the claim asserted. The Johnsons assert a fraudulent
transfer claim against Ms. de la Cruz under Fla. Stat. § 726.105(1)(a), which allows
a creditor to avoid a "transfer made . . . by a debtor . . . if the debtor made the transfer
. . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor."[36]
Although fraudulent transfer claims (including those under state law incorporated
into the Bankruptcy Code by 11 U.S.C. § 544(b))[37] most commonly do arise under the
Bankruptcy Code, that is not the case here. The Johnsons are not trustees, debtors-
in-possession, or post-confirmation fiduciaries for Mr. Jimenez's bankruptcy estate.
Their claim is not brought on behalf of the estate under Bankruptcy Code sections

---

[34] *Nat'l Westminster Bank U.S.A. v. Cheng*, 751 F. Supp. 1158, 1161 (S.D.N.Y. 1990) (dismissing fraudulent conveyance and veil-piercing post-judgment collection action for lack of subject matter jurisdiction).

[35] 13 MOORE'S FEDERAL PRACTICE - CIVIL § 69.02 (2021) (citing *Nat'l Westminster Bank*, 751 F. Supp. at 1161).

[36] Fla. Stat. § 726.105(1)(a).

[37] Bankruptcy Code section 544(b) provides, in relevant part, that a "trustee may avoid any transfer of an interest of the debtor in property . . . that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of [the Bankruptcy Code] or that is not allowable only under section 502(e) of [the Bankruptcy Code]." 11 U.S.C. § 544(b)(1).

8

544 or 548.[38] Rather, they assert a state-law fraudulent transfer claim belonging solely to them and not to the bankruptcy estate. In other words, if the Johnsons are successful, they will avoid and recover (for themselves alone) $19,831.70 in respect of their non-dischargeable judgment against Mr. Jimenez. Accordingly, the Johnsons' fraudulent transfer claim does not arise under the Bankruptcy Code.

Their fraudulent transfer claim also does not arise in a case under the Bankruptcy Code, as it is not a claim lacking practical existence without a bankruptcy case. Indeed, the Johnsons' fraudulent transfer claim has a very real existence independent of the bankruptcy case. They hold a money judgment that this Court liquidated and determined was excepted from Mr. Jimenez's discharge. So while their ability to pursue collection on their non-dischargeable claim resulted from a determination made in Mr. Jimenez's bankruptcy case, the fraudulent transfer claim they are now asserting against Ms. de la Cruz does not arise in a case under the Bankruptcy Code.

That brings us to "related to" jurisdiction, which is often the most difficult to determine of the three categories of bankruptcy jurisdiction. But here, the issue is not even close. There is no "related to" jurisdiction because the outcome of this civil proceeding could not conceivably have any effect on Mr. Jimenez's fully-administered, no-asset chapter 7 bankruptcy estate. Anything the Johnsons recover would be for

---

[38] Similar to Fla. Stat. § 726.105(1)(a), Bankruptcy Code section 548(a)(1)(A) allows a trustee to "avoid any transfer . . . of an interest of the debtor in property. . . that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—(A) made such transfer . . . with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made . . ., indebted." 11 U.S.C. § 548(a)(1)(A).

their own benefit, and not for any other creditors, the bankruptcy estate, or the now-discharged trustee. Based on the foregoing analysis, it is therefore clear that this adversary proceeding to collect on a non-dischargeable debt is not "related to" a case under the Bankruptcy Code, either.[39] With there being no "related to," "arising in," or "arising under" jurisdiction, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1334(b) and therefore must dismiss this adversary proceeding.[40]

---

[39] *Accord Halpern v. Kuskin*, Misc. Proc. No. 18-00101-MAM, 2019 WL 311011 (Bankr. S.D. Fla. Jan. 18, 2019) (vacating writ of garnishment issued in respect of non-dischargeable judgment for lack of subject matter jurisdiction); *Marshall & Ilsley Trust Co., N.A. v. Lapides (In re Transcolor Corp.)*, Bankr. No. 98–65483–JS, Adv. No. 05–9103–JS, 2007 WL 2916008 (Bankr. D. Md. 2007) (dismissing for lack of subject matter jurisdiction fraudulent transfer suit seeking to enforce money judgment entered by bankruptcy court against debtor's alter ego); *In re Miller*, 248 B.R. 198 (Bankr. M.D. Fla. 2000) (no "related to" jurisdiction over post-judgment garnishment proceeding by creditor with non-dischargeable debt); *A.M.S. Printing Corp. v. Wernick (In re Wernick)*, 242 B.R. 194 (Bankr. S.D. Fla. 1999) (dismissing garnishment proceedings in respect of non-dischargeable judgment, for lack of subject matter jurisdiction); *HOC, Inc. v. McAllister (In re McAllister)*, 216 B.R. 957 (Bankr. N.D. Ala. 1998) (no "related to" jurisdiction over post-judgment garnishment proceeding by creditor with non-dischargeable debt).

[40] In their Complaint, the Johnsons cite only to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157 as providing a basis for subject matter jurisdiction. (ECF No. 1, ¶ 2). In their Response (ECF No. 10) to Ms. de la Cruz's Motion to Dismiss, they cite no statutory basis whatsoever for the Court's subject matter jurisdiction, and instead rely only on the conclusory argument that "[a] bankruptcy court has subject matter jurisdiction to enforce money judgments it has entered." (ECF No. 10 at 2). To the extent the Johnsons are arguing that this Court has supplemental jurisdiction under 28 U.S.C. § 1367, however, the Court notes that "there is a serious question whether 28 U.S.C. § 1367 is applicable to bankruptcy cases." *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81 (7th Cir. 1995); *see also Talisman Capital Alt. Invs. Fund, Ltd. v. Mouttet (In re Mouttet)*, Case No. 13-22222-CIV-MARRA, 2020 WL 5993925, at *24 (S.D. Fla. 2020) (noting a Circuit split as to "whether district courts have supplemental jurisdiction in bankruptcy-related matters and whether, if they do, upon referral bankruptcy courts have such supplemental jurisdiction"). Nevertheless, as the Seventh Circuit noted in *Chapman*, "[t]he relation between an adversary proceeding based . . . exclusively on state law and the bankruptcy proceeding out of which it arises is functionally identical to that between a supplemental proceeding and the federal claim to which it is supplementary." *Chapman*, 65 F.3d at 81. "[T]he same standards should apply to the question whether and in what circumstances to retain the supplemental (here, the adversary) claim when the main claim (here, the bankruptcy proceeding itself) is resolved." *Id.* (citing *Porges v. Gruntal & Co. (In re Porges)*, 44 F.3d 159, 162–63 (2d Cir. 1995); *Querner v. Querner (Matter of Querner)*, 7 F.3d 1199 (5th Cir. 1993); *Carraher v. Morgan Elecs., Inc. (In re Carraher)*, 971 F.2d 327 (9th Cir. 1992) (per curiam); *cf. Fidelity & Deposit Co. of Md. v. Morris (In re Morris)*, 950 F.2d 1531, 1534 (11th Cir. 1992) ("dismissal of an underlying bankruptcy case does not automatically strip a federal court of jurisdiction over an adversary proceeding which was *related to the bankruptcy case at the time of its commencement*." (emphasis added)). Thus, even if the Johnsons had explicitly argued that jurisdiction exists under 28 U.S.C. § 1367, because the analysis under section 1367 is essentially

B.    <u>Personal Jurisdiction</u>.

Having determined this Court lacks subject matter jurisdiction, there is no need to adjudicate Ms. de la Cruz's personal jurisdiction argument or the factual challenge thereto raised by the Johnsons. Nevertheless, the Court will briefly address the issue to disabuse both Ms. de la Cruz and the Johnsons of the notion that a Florida long-arm statute analysis is appropriate here. It is not.[41] Personal jurisdiction issues are not often litigated in bankruptcy cases, and when they are, they usually involve foreign defendants. That is because personal jurisdiction in bankruptcy cases is established under Federal Rule of Bankruptcy Procedure 7004, which provides for nationwide service of process.[42] Rule 7004(f) states:

> **(f) Personal Jurisdiction.** If the exercise of jurisdiction is consistent with the Constitution and laws of the United States, serving a summons or filing a waiver of service in accordance with this rule or the subdivisions of Rule 4 F. R. Civ. P. made applicable by these rules is effective to establish personal jurisdiction over the person of any defendant with respect to a case under the Code or a civil proceeding arising under the Code, or arising in or related to a case under the Code.[43]

Thus, to determine whether this Court has personal jurisdiction over Ms. de la Cruz, the first step is to determine if this proceeding arises under the Bankruptcy Code, or

---

the same as that for "related to" jurisdiction under section 1334, the Court would have reached the same conclusion (without having to decide whether section 1367 applies in bankruptcy cases). *See also Peacock v. Thomas*, 516 U.S. 349, 355 (1996) (an independent basis for federal jurisdiction must exist for a court to exercise ancillary jurisdiction).

[41] While an analysis of a state long-arm statute may be appropriate in a federal case under 28 U.S.C. § 1332 (diversity jurisdiction), as discussed above, this Court exercises jurisdiction solely under 28 U.S.C. § 1334 (bankruptcy jurisdiction).

[42] *See Brit. Am. Ins. Co. Ltd. v. Fullerton (In re Brit. Am. Ins. Co. Ltd.)*, Adv. No. 11-03118-EPK, 2013 WL 1881712, at *2 (Bankr. S.D. Fla. Apr. 30, 2013) (*"BAICO II"*).

[43] Fed. R. Bankr. P. 7004(f).

arises in or is related to a case under the Bankruptcy Code. As discussed above, this proceeding does not fall into any of these three categories, and therefore there is no subject matter jurisdiction under 28 U.S.C. § 1334.

But if this Court had subject matter jurisdiction, Rule 7004(f) provides that serving a summons in accordance with Rule 7004 – which permits service by mail[44] anywhere in the United States[45] – is effective to establish personal jurisdiction over a defendant,[46] provided that "the exercise of jurisdiction is consistent with the Constitution and laws of the United States."[47] "For a court to exercise personal jurisdiction, a person or entity must have sufficient 'minimum contacts' with the forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"[48]

In bankruptcy proceedings where jurisdiction is based on 28 U.S.C. § 1334(b), the sovereign exercising jurisdiction is the United States, not a particular state.[49] Thus, minimum contacts *with the United States* is sufficient to satisfy the Fifth Amendment due process requirement, whether the claims asserted arise under

---

[44] Fed. R. Bankr. P. 7004(b) (permitting service by first class mail postage prepaid within the United States on various types of defendants, in the manners specified in subsections (b)(1) through (b)(10)).

[45] Fed. R. Bankr. P. 7004(d) ("The summons and complaint and all other process except a subpoena may be served anywhere in the United States.").

[46] Fed. R. Bankr. P. 7004; *see also BAICO II*, 2013 WL 1881712, at *2; *Hosking v. TPG Capital Mgmt., L.P. (In re Hellas Telecomms. (Luxembourg) II SCA*, 547 B.R. 80, 96 (Bankr. S.D.N.Y. 2016).

[47] Fed. R. Bankr. P. 7004(f); *Hellas Telecomms.*, 547 B.R. at 96 (defendants in a bankruptcy adversary proceeding "are subject to personal jurisdiction so long as Constitutional due process requirements are met.") (citing *Bickerton v. Bozel S.A. (In re Bozel S.A.)*, 434 B.R. 86, 97 (Bankr. S.D.N.Y. 2010)); *BAICO II*, 2013 WL 1881712, at *2.

[48] *Hellas Telecomms.*, 547 B.R. at 96 (quoting *Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310 (1945)).

[49] *Hellas Telecomms.*, 547 B.R. at 97.

federal, state or foreign law.[50] Because Ms. de la Cruz was served with process under Rule 7004, whether she lives in New Mexico, Florida, or anywhere else in the United States is irrelevant to a determination of personal jurisdiction in a bankruptcy proceeding where subject matter jurisdiction is based on 28 U.S.C. § 1334. Although the parties have a contentious dispute over the validity of Ms. de la Cruz's affidavit, neither party has asserted that she does not live in the United States and that she was not served by mail in the United States. Accordingly, if this Court had subject matter jurisdiction over this adversary proceeding (which it does not) it would have had personal jurisdiction over Ms. de la Cruz.

## IV. Conclusion.

The sole source of a Bankruptcy Court's subject matter jurisdiction is 28 U.S.C. § 1334,[51] which is limited to bankruptcy cases and civil proceedings arising under the Bankruptcy Code, or arising in or related to cases under the Bankruptcy Code. Because enforcement by judgment creditors of a non-dischargeable money judgment in a fully-administered no-asset chapter 7 case – even one entered by the Bankruptcy Court itself – does not fall into any of these categories, this Court lacks subject matter jurisdiction over the judgment creditors' state law post-judgment fraudulent transfer claims and must dismiss this adversary proceeding. The Johnsons of course have the

---

[50] *Id.* (citing *Owens–Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 630 (4th Cir. 1997); *Diamond Mortg. Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1244 (7th Cir. 1990); *Enron Corp. v. Arora (In re Enron Corp.)*, 316 B.R. 434, 444 (Bankr. S.D.N.Y. 2004); *BAICO II*, 2013 WL 1881712, at *2; *Bozel*, 434 B.R. at 99).

[51] *BAICO I*, 488 B.R. at 218.

right to pursue enforcement of their Final Summary Judgment in any other forum of appropriate jurisdiction.[52] But not in this Court.

It is therefore **ORDERED** that this adversary proceeding is **DISMISSED** for lack of subject matter jurisdiction.

# # #

Copies furnished to all counsel of record by CM/ECF.

---

[52] *See Edwards v. Sieger (In re Sieger)*, 200 B.R. 636, 639-40 (Bankr. N.D. Ind. 1996) (dismissing post-judgment collection proceedings on a non-dischargeable money judgment for lack of subject matter jurisdiction under 28 U.S.C. § 1334(b), and noting that "[t]o enforce such a judgment, the plaintiff must turn to a court whose jurisdiction is more enduring.") (citing *Langella v. Weisz*, 39 B.R. 615, 619 (E.D.N.Y. 1984)).